# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

City of Shorewood,

        Plaintiff,

                                    **ORDER**
v.                                Civil No. 09-3009 ADM/JJK

Ronald R. Johnson and Dee L. Johnson,

        Defendants.

_____

Corrine A. Heine, Esq., and Mary D. Tietjen, Esq., Kennedy & Graven, Chartered, Minneapolis, MN on behalf of Plaintiff.

Erick G. Kaardal, Esq., Mohrman & Kaardal, P.A., Minneapolis, MN, on behalf of Defendants.

Ronald R. Johnson, also appearing pro se.[1]

_____

On February 12, 2010, the undersigned United States District Judge heard oral argument on Plaintiff City of Shorewood's ("Plaintiff") Motion to Remand [Docket No. 9]. On October 26, 2009, Defendants Ronald R. Johnson and Dee L. Johnson ("Defendants") filed a Notice of Removal to this Court based on federal question jurisdiction. [Docket No. 1]. Plaintiff argues that Defendants' notice of removal is procedurally defective, because it was untimely filed. In addition, Plaintiff argues that the Courts lacks subject matter jurisdiction over the case.

The deadline for removal is set forth in 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . .

---

[1] The Defendants appeared pro se until the day preceding oral argument on the motion. At the hearing, Defendant Ronald R. Johnson insisted on presenting his own argument as well as the argument he had made by counsel.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable .
> . . .

Defendants' Notice of Removal relates to a 1994 state district court condemnation action and is therefore well past the time period allowed by the removal statute. Because removal in this instance is procedurally defective, the Court does not reach the issue of subject matter jurisdiction, and remand is appropriate. For the reasons stated above and on the record at oral argument, Plaintiff's Motion [Docket No. 9] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 12, 2010.